UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALPHAMETRIX GROUP, LLC,<br>a Delaware limited liability company,<br><br>Plaintiff,<br>v.<br><br>ROLAND CLARKE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 11-cv-00480<br><br>Judge Gary Feinerman<br><br>Magistrate Judge Arlander Keys |

## SUPPLEMENT TO MOTION FOR DEFAULT JUDGMENT

Plaintiff AlphaMetrix Group LLC ("Plaintiff"), pursuant to the Court's July 25, 2011, order, hereby supplements its Motion for Default Judgment against Defendant Roland Clarke ("Defendant") with the attached Separation Agreement and Release ("Agreement") signed by Aleks Kins on July 26, 2011, on behalf of Plaintiff. Defendant executed the Agreement on May 6, 2010. Though Plaintiff apparently had not signed the Agreement at that time, Plaintiff paid the consideration, $12,500.00 (¶2), to Defendant on May 28, 2010, and has fully performed its obligations under the Agreement.

Respectfully submitted,

ALPHAMETRIX GROUP, LLC

Dated: July 26, 2011   By: /s/ *William T. McGrath*
One of Its Attorneys

William T. McGrath
Kevin Thompson
Christopher Schneider
Davis McGrath LLC
125 South Wacker Drive, Suite 1700
Chicago, Illinois 60606
Telephone: (312) 332-3033
Facsimile: (312) 332-6376

## CERTIFICATE OF SERVICE

I hereby certify that the **Supplement to Motion for Default Judgment** was served on defendant Roland Clarke as follows:

Deposited with the United States Postal Service, on the date indicated below with sufficient prepaid postage as First Class Mail in an envelope addressed to: Roland Clarke, 1957 West 1st Avenue, Apt. #3, Vancouver, British Columbia, V6J 1G6 Canada;

Dated: July 26, 2011                      By:    /s/ William T. McGrath

## SEPARATION AGREEMENT AND RELEASE

This Separation Agreement and Release ("Agreement") is entered into by Roland Clarke (hereinafter "Clarke") and AlphaMetrix Group, LLC, on behalf of itself, and any existing or hereinafter created parent, holding, subsidiary, related or affiliated company or entities, including without limitations, AlphaMetrix, LLC f/k/a AlphaMetrix Investment Advisors, LLC; Dekla Financial, LLC; AlphaMetrix Alternative Investment Advisors, LLC; AlphaMetrix Financial Investigations, LLC, f/k/a AlphaMetrix360, LLC; and any and all of their successors, assigns, members, officers, employees and agents (hereinafter collectively referred to as "AlphaMetrix").

WHEREAS, Clarke was employed by AlphaMetrix on June 1, 2009, and AlphaMetrix and Clarke desire to terminate Clarke's employment with AlphaMetrix on mutually agreeable and satisfactory terms;

NOW, THEREFORE, in consideration of the mutual promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Clarke and AlphaMetrix hereby agree as follows:

1. <u>Last Day of Employment</u>. Clarke's last day of employment with AlphaMetrix is April 20, 2010. Clarke will not in fact be authorized to act on behalf of AlphaMetrix after April 20, 2010, nor shall he represent to third parties that he is authorized to act on behalf of AlphaMetrix. Clarke shall submit to AlphaMetrix all travel and other business expenses with receipts for reimbursement within 30 days after his execution of this Agreement and AlphaMetrix shall reimburse Clarke for such expenses within 14 days thereafter.

2. <u>Consideration.</u> In consideration for signing this Agreement and complying with its terms, AlphaMetrix agrees to pay Clarke as a severance payment $12,500.00, being one (1) month of his salary. The parties agree that Clarke shall be entitled to receive the consideration specified in this Paragraph on the terms contained in this Agreement if he executes this Agreement and if he does not commit a material breach of the terms of this Agreement.

3. <u>Non-Disparagement</u>. Clarke and AlphaMetrix agree that neither party to this Agreement will in any manner denigrate, disparage, defame or cause to be conveyed an unfavorable impression of the other to any third party.

4. <u>Non-Disclosure, etc.</u> The non-disclosure and confidentiality provision set out in Section 7, the non-interference with relationships set out in Section 9, the non-competition provision set out in Section 10, the non-association provision set out in Section 11, and the non-disparagement provision set out in Section 12 of the Employment Agreement, dated June 1, 2009, shall remain in full force and effect. Clarke covenants and agrees that he will keep confidential and will not divulge, communicate, use to the detriment of AlphaMetrix or for the benefit of any other person, or misuse in any way, any confidential and proprietary information or trade secrets of AlphaMetrix, including legal and regulatory documents, personnel information, secret processes, know-how, client or customer lists, formulas, or other technical data, as well as software, software configuration information, source code, designs, financial, strategic or technical plans, assets and/or other non-public information about the business or capabilities of AlphaMetrix and will not divulge or disclose such information to any third party recipient.

5. <u>Return of Property</u>. Clarke affirms and represents that he has made a good faith effort to search for and return or promptly shall return all of AlphaMetrix's property (including his Blackberry, laptop computer, or comparable equipment), files, records, documents and/or any confidential information in his possession and control. Clarke further represents that he has not downloaded and is not in possession of any AlphaMetrix files, records, or documents in hard copy or electronic format that have not been previously disclosed in writing and/or returned to AlphaMetrix.

6. <u>Confidentiality</u>. Except as required by law, each party agrees to keep the terms of this Agreement strictly confidential and will not reveal its contents without the prior written consent of the other party to any person or party, except that Clarke may reveal its contents to his immediate family, tax advisor(s) and attorney(s).

2

7. <u>Cooperation, Indemnification</u>. (a). Clarke agrees to execute such other and further documents as may reasonably be requested by AlphaMetrix to effectuate this Agreement.

(b). Clarke will cooperate with AlphaMetrix and its counsel in connection with any investigation, administrative or regulatory proceeding or litigation relating to any matter in which he was involved or of which he has knowledge as a result of his employment by AlphaMetrix.

8. <u>Communication</u>. Clarke will not contact or communicate with any employee of AlphaMetrix at AlphaMetrix except through Lisa Halco, Aleks Kins, or with prior approval on a case-by-case basis.

9. <u>GENERAL RELEASE</u>. Clarke, for himself, his heirs beneficiaries and assigns, hereby forever releases, acquits and discharges AlphaMetrix, its predecessors, successors and assigns, officers, members, agents and employees (past and present) from any and all claims, complaints, actions, causes of action, suits, demands, damages, injuries, costs, losses, expenses, contracts, and other liabilities of whatever kind, whether now known or unknown, arising out of or in any way connected with his employment and the termination of that employment. This release includes, without limitation, any and all claims under Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, the Americans With Disabilities Act of 1990, the Family and Medical Leave Act, Age Discrimination in Employment Act ("ADEA"), and any other federal, state or local human rights, civil rights, pension or labor laws, rules and/or regulations, public policy, contract or tort law (regardless of whether of statutory or common law origin), or any other action against AlphaMetrix based upon any conduct up to and including the date of this Agreement.

CLARKE IS ADVISED THAT HE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT AND GENERAL RELEASE. CLARKE ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO SIGNING THIS AGREEMENT AND GENERAL RELEASE.

CLARKE MAY REVOKE THIS AGREEMENT AND GENERAL RELEASE FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY HE SIGNS THIS

AGREEMENT AND GENERAL RELEASE. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF OUR AGREEMENT AND GENERAL RELEASE." THE REVOCATION MUST SENT BY CERTIFIED MAIL TO ALEKS KINS AT ALPHAMETRIX AND POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER CLARKE SIGNS THIS AGREEMENT AND GENERAL RELEASE.

CLARKE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION, ENTERS INTO THIS AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST ALPHAMETRIX UNDER ADEA.

10. <u>Applicable Law</u>. This Agreement shall be governed by the laws of the State of Illinois. The parties agree to submit to the jurisdiction of the state or federal courts located in Chicago, Illinois to resolve any lawsuit or dispute arising under this Agreement.

11. <u>Entire Agreement</u>. This Agreement constitutes the entire agreement between Clarke and AlphaMetrix in respect to the termination of Clarke's employment by AlphaMetrix, and there are no agreements or understandings of any nature between Clarke and AlphaMetrix except as expressly stated herein. If any provision of this Agreement is held or deemed to be invalid, the remaining provisions shall nevertheless continue to be in full force and effect in all other circumstances. This Agreement cannot be modified except in a writing signed by both parties.

12. <u>Authority to Bind</u>. AlphaMetrix hereby represents and warrants that it has the authority to enter this Agreement and that it has obtained any necessary approvals to make the promises contained herein. It is expressly understood and agreed that this Agreement shall be binding on any successors, assigns, affiliates, members, officers and employees and agents of AlphaMetrix.

13. <u>No Other Inducements</u>. Other than as stated herein, Clarke attests that no promise or inducement has been offered for this Agreement and that he is legally competent to execute this Agreement and accepts the full responsibility therefore.

14. This Agreement may be signed in one or more counterparts each of which shall be deemed an original and all of which together shall be deemed a complete document.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed on the date below.

ROLAND CLARKE

_____

Date: _Mai 6 / 2010_

ALPHAMETRIX GROUP, LLC
ALPHAMETRIX, LLC f/k/a ALPHAMETRIX INVESTMENT ADVISORS, LLC
DEKLA FINANCIAL, LLC
ALPHAMETRIX ALTERNATIVE INVESTMENT ADVISORS, LLC
ALPHAMETRIX INVESTIGATIONS, LLC f/k/a ALPHAMETRIX360. LLC

By: _____
       Aleks Kins

Date: _7/26/2011_

5